IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANE RUCHKA,

    Plaintiff,

    v.

OFFICER ROBERT HUSFELT,

    Defendant.

08cv0779
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Plaintiff Diane Ruchka filed a complaint in a civil action suit in the Court of Common Pleas of Allegheny County, Pennsylvania, which appears to allege only state law claims against Borough of West Mifflin Police Officer Robert Husfelt. At Count I, plaintiff alleges a claim for "False Imprisonment" "under the Pennsylvania Constitution," Complaint, ¶¶ 19-24; Count II sates a claim for "Assault, Battery & Excessive Use of Force," Complaint, ¶¶; Count III states a claim for "Malicious Prosecution," Complaint, ¶¶ 33-37; and Count IV asserts a claim for "Negligence - Use of Force," Complaint, ¶¶ 38-41. Counts II through IV each incorporate the previous paragraphs, including the "under the Pennsylvania Constitution" paragraph, Complaint, ¶ 22.

Defendant Husfelt removed the case to this Court on June 5, 2008, claiming federal question jurisdiction exists under 28 U.S.C. § 1331 "by virtue of plaintiff's allegations that her U.S. constitutional and civil rights were violated by all Defendants [sic]." Notice of Removal (doc. no. 1), at ¶ 5. (There is only one defendant named in plaintiff's complaint.) Defendant asserts that plaintiff's "Complaint sets forth a claim for federal constitutional and civil rights violations and seeks relief for actions taken by the defendant 'under color of state law.'

(Complaint paragraph 3). It also seeks damages for use of 'excessive force' by the defendant. (Complaint Count I and Count IV)." Notice of Removal (doc. no. 1), at ¶ 3.

On June 9, 2008, this Court issued a Rule to Show Cause why the case should not be remanded to the Court of Common Pleas for lack of federal question jurisdiction, stating as follows:

> **Removal Jurisdiction**.
>
> Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. E.g., *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1974). All doubts as to substantive and procedural jurisdiction prerequisites must be resolved in favor of remand. E.g., *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319, 323 (M.D. Pa. 1993). The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) (burden of establishing federal jurisdiction is placed upon the parties seeking removal).
>
> As to the purported federal question, i.e., plaintiff's "federal constitutional and civil rights," Notice of Removal (doc. no. 1), at ¶ 5, plaintiff's complaint does not purport to rely on the federal constitution or any federal civil rights statute. Moreover, plaintiff's complaint does not assert at paragraph 3, as defendant misquotes it, that defendant acted "under color of state law," the necessary element of any federal cause of action under 42 U.S.C. § 1983. Instead, paragraph 3 states that defendant acted "under color of law and pursuant to his authority and position as a West Mifflin Police Officer," Complaint, ¶ 3, not "under color of state law." Thus an inference from paragraph 3 that plaintiff is pleading the federal constitution or federal civil rights laws is not warranted by the language of that paragraph.
>
> Although plaintiff's complaint is not overly specific, she does identify one source as the basis for her several claims, the Pennsylvania Constitution. While the averments of plaintiff's complaint are no doubt *capable* of encompassing federal civil rights claims (e.g., "excessive force"), it is not apparent on the face of her complaint that plaintiff is, in fact, making such claims.

2

The United States Supreme Court has made it clear that "the plaintiff is the master of the complaint . . . and that the plaintiff may, by eschewing federal law, choose to have [her] cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). To form the basis of removal, "a federal question must appear on the face of the complaint." *Id*. at 399. The existence or absence of federal question is determined in the context of the well-pleaded complaint rule and federal question jurisdiction exists only when a federal question is presented within the four corners of plaintiff's properly pleaded complaint. *Id*. at 392.

For a federal court to assert jurisdiction over a case based on federal question, the Constitution, laws or treaties of the United States must supply an essential element of the plaintiff's cause of action. *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936); see also 28 U.S.C. § 1331. Additionally, a case is not removable on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and "both parties concede that the federal defense is the only question at issue." See *Caterpillar, Inc.*, 482 U.S. at 393; see also *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3rd Cir. 2000).

Thus, "[w]hether the claim arises under 'federal law' for removal purposes is determined by applying the 'well-pleaded complaint rule' which determines original federal jurisdiction." *Wuerl v. International Life Science Church*, 758 F.Supp. 1084, 1086 (W.D.Pa. 1991). "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id., 758 F.Supp at 1086 (citation omitted).

"Moreover, removal cannot be based simply on the fact that federal law may be referred to in some context in the case. If the claim does not 'arise under' federal law, it is not removable on federal question grounds. Incidental federal issues are not enough." *Id.* (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986)); see also *Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994).

There are, however, two exceptions to the well-pleaded complaint rule, namely, the "artful pleading doctrine" and the doctrine of "complete preemption" (as opposed to ordinary preemption). A "court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 311 n. 5 (3d Cir.1994) (citation omitted). Removal is permitted under the artful pleading doctrine if "(1) federal law has completely preempted the state law that serves as the basis for the plaintiff's complaint, or (2) a federal

3

question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action." *Guckin v. Nagle*, 259 F.Supp.2d 406, 410 (E.D.Pa. 2003) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3722 (3d ed.1999)).

Neither of the exceptions to the well-pleaded complaint rule would appear to be operative herein, but the Court will hear from the parties on this jurisdictional issue.

## RULE TO SHOW CAUSE

For the reasons set forth above, the Court **HEREBY ISSUES THIS RULE TO SHOW CAUSE** why this case should not be remanded to state court for want of federal question jurisdiction.

**IT IS HEREBY ORDERED that on or before noon, June 20, 2008**, each party shall file a Position with Respect to Removal Jurisdiction, setting forth the party's respective position with regard to this Court's federal question, removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

Order on rule to Show Cause (doc. no. 3), at 2-5.

Plaintiff responds to the Rule to Show Cause is that her claims are purely state law claims that do not rely on "the Federal Constitution nor on any Federal Civil Rights Statute in pleading her case in the Complaint that was filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Rather, Plaintiff pleads claims arising out of state law and the Pennsylvania Constitution. Plaintiff did not plead a federal civil rights cause of action arising under 42 U.S.C. Section 1983." Plaintiff's Response to Order to Show Cause (doc. no. 6) at 1.

Defendant responds that, despite plaintiff's apparent reliance on state law, her claims are "really" civil rights claims under section 1983, stating:

> Defendants do not suggest that the "complete preemption" doctrine applies in this matter. However, the defendant does submit that the federal question, although not specifically pleaded in the complaint, is, nonetheless "both intrinsic and central to the plaintiff's cause of action." *Guckin v. Nagle*, 259 F. Supp. 2D 406, 410 (E. D. Pa. 2003). The defendant urges the Court to adopt the view of the

4

> Court in *Hall v. City of Alexandria*, 111 F.Supp.2d 785, (W.D.La.,2000). In that case, the plaintiff made claims similar to those in this case, assault and battery and false arrest by the officers of the Alexandria Police Department. In that case, the matter was removed to federal court and the plaintiff sought remand by claiming that the claims for punitive damages and attorneys fees, not recoverable under state law, were inadvertent and perfunctory.
>
> The court found that although the plaintiff argued that there was no intention of making any federal claims, the claims that excessive force was used and the plaintiff was the subject of a false arrests, stated federal claims since both violations of the Fourth Amendment. In addition, the court in *Hall* pointed to the claim that at all times the officers were acting in the course and scope of their employment as police officers.
>
> While plaintiff's complaint does not make a claim for false arrest, it does make a claim for false imprisonment and malicious prosecution, both of which *can be claimed* as violations of the Fourth Amendment. Additionally, while plaintiff's complaint identifies the Pennsylvania Constitution as the sole basis for one of her claims, that being the claim in Count I for false imprisonment, she does not reference the Pennsylvania Constitution again in her Complaint.1 Therefore, it is clear that in this case, as in *Hall*, the plaintiff's artful pleading in her Complaint is nothing more than an attempt to deny the defendant his right to have this matter heard in the federal court. See also, *Perkins v. Alamo Heights Independent School Dist.*, 204 F.Supp.2d 991, (W.D.Tex.,2002).

Defendant's Response to Rule to Show Cause (doc. no. 7) at 3-4 (emphasis added).

**Removal Jurisdiction Standards.**

Removal is governed by statute, 28 U.S.C. § 1441, which provides: "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal district courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and diversity jurisdiction over citizens of different states, 28

5

U.S.C. § 1332. Where, as here, "the parties are not diverse, removal is appropriate only if the case falls within the district court's original 'federal question' jurisdiction." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).

Because federal courts have limited jurisdiction as defined by Congress, the removal statutes are strictly construed against removal and, as the United States Court of Appeals for the Third Circuit has repeatedly emphasized, the party "who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists . . . , all doubts should be resolved in favor of remand." *Snap-on Tools*, 913 F.2d at 111 (internal quotations and citations omitted). See also *Morgan v. Gay*, 471 F.3d 469, 472 (3d Cir. 2006) ("The party seeking to remove a case to federal court bears the burden to establish jurisdiction."), citing *Boyer* and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ( "The party invoking federal jurisdiction bears the burden of establishing these elements." ); *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) ("all doubts" means that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court" and should be remanded).

**Federal Question Removal.**

Whether or not the Court has federal question jurisdiction over a matter that the defendant has removed from state court is governed by the "well-pleaded complaint rule," under which the federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. (citation omitted). *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 276 (3d Cir. 2007) ("Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that 'federal law creates the cause of action.'"). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal

6

jurisdiction by exclusive reliance on state law." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004), citing *Caterpillar*, 482 U.S. at 392; *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990).

The Court of Appeals summarized the well-pleaded complaint rule in *In re Community Bank of Northern Virginia*, 418 F.3d 277, 293-94 (3d Cir. 2005) as follows:

> It is well settled that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case. See *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-12 (1983); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

(parallel citations omitted).

**"Arising Under" Jurisdiction.**

Generally, a case "aris[es] under federal law" for section 1331 purposes if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citing *Franchise Tax Bd.*, 463 U.S. at 27-28. "Arising under" jurisdiction may not always be easy to discern, as the Court of Appeals explained in the *ErieNet* case:

> The term "arising under" eludes precise definition. Justice Holmes articulated the most common definition: "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). More recently, this court has recognized two tests that generally apply to a court's assessment of federal question jurisdiction. See *Virgin Islands Housing Auth. v. Coastal General Constr. Serv. Corp.*, 27 F.3d 911, 916 (3d Cir. 1994). "First, the question is whether federal law creates the cause of action. If not, the second inquiry is whether the complaint poses a substantial federal question." *Id.*

7

>   (citing *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987)). See also *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

156 F.3d at 518 (parallel citations omitted).

"Arising under" federal question jurisdiction became less elusive, however, in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), which substantially clarified and confined its meaning. In the *Grable & Sons* case, the United States Supreme Court recognized that the "arising under the Constitution, laws, or treaties of the United States" provision for federal-question jurisdiction is most often invoked by plaintiffs pleading a cause of action expressly created by federal law, such as claims under 42 U.S.C. §1983, but narrowed the reach of the "substantial federal question" type of "arising under" jurisdiction as follows:

>   There is . . . another longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. E.g., *Hopkins v. Walker*, 244 U.S. 486, 490-491(1917). The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues, see ALI, Study of the Division of Jurisdiction Between State and Federal Courts 164-166 (1968).

545 U.S. at 312 (parallel citations omitted).

But, the Court further explained, "arising under" jurisdiction does not take an "expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door . . . ," and noted that early-on, the Court had "confined federal-question jurisdiction over state-law claims to those that 'really and substantially involv[e] a dispute or controversy

8

respecting the validity, construction or effect of [federal] law. . . .'" *Id*. at 313 (citations omitted). See also *Empire Healthchoice*, 547 U.S. at 700-01 (not every case that implicates a federal law or statute, such as the Federal Employees Health Benefits Act, is a "federal case"; "In sum, *Grable* emphasized that it takes more than a federal element 'to open the 'arising under' door.'"); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). The Court stated that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties," and, in an oft-quoted phrase of limitation, stated:

> We have not kept [federal issues embedded in state-law claims] out simply because they appeared in state raiment, as Justice Holmes would have done . . . , but neither have we treated "federal issue" as a password opening federal courts to any state action embracing a point of federal law. Instead, *the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial*, which a federal forum may entertain without disturbing any *congressionally approved balance of federal and state judicial responsibilities*.

*Grable & Sons* 545 U.S. at 314 (citation omitted; emphasis added).

**"Artful Pleading" Exception - Complete Preemption.**

As the United States Court of Appeals for the Third Circuit stated in the *Kline* case, there is an "exception to the well-pleaded complaint rule that precludes a plaintiff from 'avoid[ing] a federal forum by 'artfully pleading' what is, in essence, a federal claim solely in terms of state law.'" 386 F.3d at 252, citing *Caterpillar*, 482 U.S. at 393 (additional citations omitted). See also *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir.1986), cert. denied, 476 U.S. 1170 (1986) (a plaintiff cannot avoid federal jurisdiction by "artfully pleading" his federal claim as a state law claim). In *Franchise Tax Bd.*, 463 U.S. at 13, the Supreme Court identified two

situations where federal jurisdiction could be available even though plaintiff's claim in state court is based on state law: (1) when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or (2) when it appears that plaintiff's claim "is 'really' one of federal law."

The first situation seems less an exception to the well-pleaded complaint rule than an application of the principles of determining if "arising under" federal question jurisdiction exists. The second situation where a state claim may be deemed to be "really" one of federal law, is dependent upon whether Congress has completely preempted state laws and regulations, and has been equated with the "complete preemption" doctrine. Complete preemption is "a distinct concept from ordinary preemption" and "the fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable to federal court." *Goepel,*, 36 F.3d at 310, quoting *Railway Labor Excecutives Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988).

Complete preemption was explained in *Community Bank of Northern Virginia*, 418 F.3d at 294, as follows:

> [T]he complete preemption doctrine is an "independent corollary" to the well-pleaded complaint rule. *Caterpillar Inc.*, 482 U.S. at 393. In *Caterpillar*, the Supreme Court stated:
>
>> On occasion, the Court has concluded that the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.
>
> *Id*. (internal quotations and citations omitted); see also *In re U.S. Healthcare, Inc.*,

10

> 193 F.3d 151, 161 (3d Cir. 1999); *Schmeling v. NORDAM*, 97 F.3d 1336, 1342 (10th Cir. 1996) (stating that complete preemption is "not as a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law, but rather as a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal").

418 F.3d at 293-94 (parallel citations omitted; emphasis added).

*Goepel* emphasized the narrowness of the complete preemption exception to the well-pleaded complaint rule. *Goepel* held that the Federal Employees Health Benefits Act (FEHBA) did not completely preempt plaintiff's state law claims (for discrimination, breach of contract, unconscionable exclusion of coverage, and unfair claim settlement practices, based on denial of coverage for breast cancer treatment) so as to permit removal of action, *even though* FEHBA contained a preemption clause *and even though* resolution of the state law claims would inevitably require substantial interpretation of that federal law.[1] (*Goepel* presaged the holding of the United States Supreme Court in *Empire Healthchoice*.)

Thus, the scope of the complete preemption exception (or "independent corollary") to the well-pleaded complaint rule has been significantly restricted; it applies only if "the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of

---

[1] The Court of Appeals in the *Goepel* case held, at 36 F.3d at 311-13, as follows:

> Based on the language of FEHBA and the regulations promulgated pursuant to it, it is clear that FEHBA does not create a statutory cause of action vindicating the same interest that the Goepels' state causes of action seek to vindicate, namely the recovery of benefits from the Plan. Consequently, we conclude that the complete preemption doctrine does not apply to the Goepels' claims, and thus "recharacterization" of their state claims as federal claims is "not possible" and "there is no claim arising under federal law to be removed and litigated in the federal court."

11

which the plaintiff's state claim falls" and there has been "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Goepel*, 36 F.3d at 311-13, citing *Railway Labor Excecutives Ass'n v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988) (the only state claims that are "really" federal claims and thus removable to federal court pursuant to *Franchise Tax Bd.* are those that are preempted completely by federal law) and *Metropolitan Life*, 481 U.S. at 64-66, *inter alia.*

The Supreme Court has recognized only four areas wherein Congress has completely preempted state claims implicating those areas: the Labor Management Relations Act, the Employee Retirement Income Security Act, some areas involving the affairs of American Indians, and the National Bank Act. See *Caterpillar*, 482 U.S. at 393-99 (LMRA); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (ERISA); *Oneida Indian Nation v. Oneida County, N.Y.*, 414 U.S. 661, 675 (1974) (Indian Affairs); *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003) (National Bank Act).

**Application.**

Defendant does not claim complete preemption, and indeed, he cannot claim complete preemption for section 1983 claims. See *Baucom-Brown v. City of Philadelphia*, 1990 WL 4407 (E.D. Pa. 1990) (unlike ERISA, section 1983 does not contain any civil enforcement provisions; although section 1983 creates a federal cause of action that, if pled in the complaint, would provide federal question jurisdiction over the claims, "there are no civil enforcement provisions or any other specific provisions in 42 U.S.C. § 1983 (as there are in ERISA) which would indicate that Congress so completely pre-empted the civil rights area (as it did with employee benefit plans under ERISA) so as to render any civil complaint which can be construed as raising

12

a claim under 42 U.S.C. § 1983 , federal in nature.  Further, we find no evidence that Congress ever intended for 42 U.S.C. § 1983 to permit removal of state-law tort claims where the plaintiffs rely exclusively on state law.  Thus, although plaintiffs' state-law tort complaint can be construed as asserting a claim under 42 U.S.C. § 1983, plaintiffs, nevertheless, have the right to proceed with their state-law tort claims in the Court of Common Pleas of Philadelphia County."); *Buenaventura v. City of Coatesville*, 1997 WL 164263 (E.D. Pa. 1997) ("even though a state law tort complaint can be construed as asserting a claim under Section 1983, a plaintiff has the right to proceed with his state law tort claims in state court.").

Defendant's assertion of substantial federal question jurisdiction over these state common law claims is equally unfounded.  See *Baucom-Brown* and *Buenaventura*.  Plaintiff's Response to Rule to Show Cause explicitly disavows reliance on "the Federal Constitution" or "on any Federal Civil Rights Statute" in stating her Pennsylvania common law claims.  Plaintiff's Response (doc. no. 6) at 1. Defendant's Response to Rule to Show Cause (doc. no. 7) takes the position that plaintiff's claims *necessarily* state a substantial federal question that permits removal because the federal question is "intrinsic and central to the plaintiff's cause of action," noting that plaintiff's complaint raises claims "for false imprisonment and malicious prosecution, both of which can be claimed as violations of the Fourth Amendment."  Defendant's Response to Rule to Show Cause (doc. no. 7) at 4.

The fact that plaintiff's state common law causes of action "*can be* claimed as violations of the Fourth Amendment" does not mean that they *must be*.  Pennsylvania's common law torts of false imprisonment, assault and battery, intentional and negligent use of force, and malicious prosecution existed long before section 1983 was enacted, and nothing in the language or history

13

of that legislation suggests that Congress intended that any state claim that could possibly be pled as a federal civil rights claim must be so pled by a plaintiff. Defendant has failed to meet his burden of proving federal question jurisdiction, and, therefore, this case must be remanded to the Court of Common Pleas of Allegheny County.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties